RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

McGREGOR W. SCOTT
United States Attorney
Eastern District of California
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mark Linn Bryan,<br><br>　　　　　Defendant. | Civil No.<br><br>**UNITED STATES OF AMERICA'S COMPLAINT TO REDUCE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT** |

COMES NOW, the United States of America (hereinafter "the United States"), by its undersigned counsel, and complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action brought by the United States to reduce to judgment federal tax assessments against defendant Mark L. Bryan.

2. This action is commenced pursuant to Section 7401 of the Internal Revenue Code (26 U.S.C.), at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Chief Counsel of the Internal

-1-

Revenue Service (IRS), a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1340 and 1345, and pursuant to § 7402 of the Internal Revenue Code (26 U.S.C.).

4. Venue is proper in the Eastern District of California because defendant taxpayer Mark L. Bryan resides in this judicial district and the federal tax liabilities that are the subject of this action arose in this judicial district. 28 U.S.C. §§ 1391 and 1396.

5. Defendant Mark L. Bryan resides at 10301 Newfield Road, Lodi, in the County of Stanislaus in the State of California.  The local rule for intra-district venue places this case in the Court sitting in Fresno, California.

**FIRST CLAIM FOR RELIEF:
TO REDUCE FEDERAL INCOME TAX ASSESSMENTS
AGAINST MARK L. BRYAN TO JUDGMENT**

6. The United States incorporates by reference the allegations contained in paragraphs 1 through 5, above, as if fully set forth here.

7. In the amounts and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendant Mark L. Bryan, individually, for unpaid federal taxes, penalties, interest, and other statutory additions accruing thereto as follows:

| Tax Type | Tax Period Ending | Date of Assessment | Amount Assessed | |
|---|---|---|---|---|
| 1040 | 12/31/2004 | 03/24/2008<br>03/24/2008<br>03/24/2008<br>03/24/2008<br>various | TAX[1]<br>ETP<br>LFP<br>INT<br>FPP | $ 30,815.00<br>$ 894.48<br>$ 6,933.38<br>$ 9,117.39<br>$ 7,703.74 |
| 1040 | 12/31/2005 | 10/05/2009<br>10/05/2009<br>10/05/2009<br>10/05/2009<br>various | TAX<br>ETP<br>LFP<br>INT<br>FPP | $11,586.00<br>$ 464.70<br>$ 2,606.85<br>$ 3,630.80<br>$ 2,896.50 |
| § 6702 | 12/31/2006 | 05/19/2008<br>various | FRP<br>INT | $5,000.00<br>$1,471.36 |
| 1040 | 12/31/2007 | 08/25/2008<br>08/25/2008<br>08/25/2008<br>various | TAX<br>LFP<br>INT<br>FPP | $ 28,645.00<br>$ 3,867.07<br>$ 660.36<br>$ 7,161.25 |

8. The assessments above were made based on substitutes-for-return prepared by the IRS after Mark L. Bryan failed to file tax returns for the taxable years ending December 31, 2004 and 2005. The assessment for the taxable year ending December 31, 2006, was made after Mark L. Bryan submitted to the IRS arguments listed as frivolous under 26 U.S.C. § 6702. The assessments for the taxable year ending December 31, 2007, were made from a tax return filed by Mark L. Bryan after he did not pay the tax shown due on the return.

9. The IRS gave timely notice to Mark L. Bryan of the tax liabilities referenced in paragraph 7, stating the amount of the unpaid tax and demanding payment thereof, by mail to his last known address as required by Section 6303 of the

---

[1] TAX = Tax; ETP = Estimated Tax Penalty; 26 U.S.C. § 6654; FPP = Failure to Pay Penalty; 26 U.S.C. § 6651(a)(2); LFP = Late Filing Penalty; 26 U.S.C. § 6651(a)(1); INT = Interest; FRP = Frivolous Submission Penalty; 26 U.S.C. § 6702.

Internal Revenue Code, Title 26 of the United States Code.

10. Despite timely notice and demand for payment of the assessments described in paragraph 7 above, defendant Mark L. Bryan has neglected, failed or refused to fully pay the indebted amounts on those assessments. The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any abatements, payments or credits, remain due and owing.

11. Since the dates of assessment described in paragraph 7 above, interest and statutory additions have accrued and continue to accrue as provided by law and as of March 24, 2018, the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments, credits or abatements, will be in the total amount of $164,788.26.

WHEREFORE, the plaintiff, the United States, prays as follows:

A. That this Court determine and adjudge that defendant Mark L. Bryan is indebted to the United States in the amount of $164,788.26 for unpaid federal income tax liabilities for tax years 2004 through 2007 less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since March 24, 2018, and that judgment in that amount be entered against Mark L. Bryan and in favor of the United States; and

B. That the United States be granted its costs and attorney's fees herein, and for such other and further relief as this Court deems just and proper.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

Dated: February 16, 2018    /s/ G. Patrick Jennings
G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice

16291399.1