RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

McGREGOR W. SCOTT
United States Attorney
Eastern District of California
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Mark Linn Bryan,<br><br>　　　　Defendant. | Civil No. 1:18-cv-00424-JAM-DB<br><br>**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT** |

  Mark Linn Bryan was personally served with a summons and complaint in this matter and has not appeared to defend this action by filing an answer or by filing a legitimate motion under Rule 12 of the Federal Rules of Civil Procedure.  Instead, Mr. Bryan has engaged in abusive litigation practices including imposing deadlines on the Court and counsel which are not authorized under Federal Rules of Civil Procedure. None of the responses filed by Mr. Bryan indicate an intent to defend this action in a legitimate manner.  None of the responses may be reasonably construed as an answer or a lawful motion and so Mr. Bryan has failed to "plead or otherwise defend" this action.

In light of Mr. Bryan's abusive tactics and failure to defend, entry of default is therefore appropriate under Fed. R. Civ. P. Rule 55(a).  The United States requests an order directing the defendant to answer the complaint within ten days, with the Clerk directed to enter default if he fails to answer.

1. **Mr. Bryan's Documents Show No Legitimate Intent to Defend.**

A few days after Mr. Bryan was served with the summons and complaint in this matter, he filed an almost unintelligible document, at Docket No. 8, which begins with a copy of the summons, defaced with the phrase "Erroneous Presentment / Returned for Cause."  The next part of the filing, at page 3, demands the credentials of the Clerk of the Court and asserts that a failure by the Clerk to respond will mean that she lacks authority.  At page 5 of the response, Mr. Bryan in effect claims that this Court has no power over him, and that the Court lacks venue, although Mr. Bryan lives in the Eastern District of California, near Lodi.  At page 6, he makes a series of demands to the United States Attorney and to the trial counsel for the United States, for example, to give Mr. Bryan evidence that the United States has to power to lay and collect taxes from him, among many other patently frivolous assertions.  He further demands credentials from the trial attorney for the United States.  Mr. Bryan's documents are nothing more than tax protestor boilerplate.

Even if a defendant has appeared, default is authorized if he fails to "otherwise defend" the action. FRCP 55(a); *City of New York v. Mickalis Pawn Shop*, LLC, 645 F3d 114, 128-129 (2nd Cir. 2011) (defendant appeared but later failed to defend); *Bolduc v. Bailey*, 586 F.Supp. 896, 899 (D. Colo. 1984) (defendant sent letters to court but never responded to complaint).  Although Rule 55 talks about the Clerk entering default, a

default may also be entered by the Court. *Breuer Elec. Mfg. v. Toronado Systems of America, Inc.*, 687 F2d 182, 185 (7th Cir. 1982).

      Mr. Bryan's filings cannot be construed as discovery because the time to serve discovery has not yet commenced. Fed. R. Civ. P. Rule 26(d)(1). The questions also are not within the scope of legitimate discovery under Rule 26 because they are not likely to lead to admissible evidence. Further, the demands are verbose, impertinent, and burdensome. Mr. Bryan is trying to assert powers which belong to the Court, by setting time lines on the Court and public officials.

      Mr. Bryan's filings cannot be construed as a motion to dismiss for lack of jurisdiction because it is beyond question that this Court has jurisdiction over this matter. The United States may sue to obtain a judgment for unpaid taxes, and, on getting a judgment, exercise the usual rights of a judgment creditor. 26 U.S.C. §§ 7401 - 7403, *United States v. Rodgers*, 461 U.S. 677, 682 (1983). In a suit to collect federal taxes, the taxpayers argued that the Court lacked jurisdiction. *Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir.1997). The Court in the case of *Palmer* determined that the production of the Section 7401 authorization letter was sufficient to show that the United States had satisfied the procedural requirements to obtain jurisdiction. Furthermore, the Palmers failed to produce any evidence that would counter the normal presumption of regularity that attaches to the actions of public officers. *United States v. Chemical Foundation*, 272 U.S. 1, 14-15 (1926). The United States Court of Appeals for the Ninth Circuit concluded that the IRS had complied with the applicable procedural requirements and that the court had jurisdiction over the government's claims. *Palmer*, 116 F.3d at 1312. The IRS has authorized this suit. The § 7401 authorization letter, severely redacted to protect attorney-client communications, is

16405042.1

attached to the Declaration of G. Patrick Jennings, submitted herewith.  This is no doubt that this Court has jurisdiction over this federal tax collection case.

Mr. Bryan's filings cannot be construed as an answer because he does not state his defenses and admit or deny each allegation in the Amended Complaint.  Fed. R. Civ. P. Rule 8(b).  Defying the power of the Court does not show an intent to defend this action.  Mr. Bryan failed to file an answer within the time permitted and failed to file a legitimate responsive motion allowed by the Federal Rules of Civil Procedure.  This failure to appear and defend justifies entry of default against Mr. Bryan.

Courts also have an inherent equitable power to sanction a party for bad faith conduct in litigation, including entry of default.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766 (1980).  Seeking to subvert the power of the Court by setting improper deadlines and making untimely demands to counsel is an abusive litigation practice.  Mr. Bryan should know better because he has tried similar tactics against the United States in a prior case.  *United States v. Mark L. Bryan*, Case No. 2:04-cv-02363 WBS JFM.  That case was begun after Mr. Bryan filed false liens against an IRS agent in an attempt to obstruct lawful tax collection.  This Court granted an injunction against Mr. Bryan, but he defied the Court and again made a false filing to harass another agent.  Ex. B to the Jennings Declaration in this case; Order filed October 25, 2010, Case No. 2:04-cv-02363 WBS JFM.  The sole purpose of Mr. Bryan's filings is to vex the Court and the United States.  Unless Mr. Bryan files a prompt and well-pleaded answer to the complaint, the Court is respectfully requested to enter default against Mr. Bryan.

Mark Linn Bryan is not an infant, incompetent person, or person in the military service or otherwise exempted from default judgment under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501. Ex. C, Jennings Declaration. He has not filed an

answer or otherwise asserted any legitimate defense.  The Court is respectfully

requested to order the Clerk to enter default against Mr. Bryan under Rule 55(a).

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

Dated: March 29, 2018             */s/ G. Patrick Jennings*
                                          G. PATRICK JENNINGS
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice